IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON DILLOW,<br>Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | |
| DRT TRANSPORTATION, LLC,<br>Defendant. | : | JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Jason Dillow, by and through his counsel, George R. Barron, Esquire, files this Complaint against Defendant DRT Transportation, LLC, and in support thereof avers as follows:

PRELIMINARY STATEMENT

1. This is an action for disability discrimination, unlawful medical inquiries, and retaliation under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and disability discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA").

2. Defendant employed Plaintiff as a commercial truck driver. In October 2024, Plaintiff reported to his Fleet Manager that a worker at a customer facility had grabbed his chest in a sexual manner. Weeks later, after Plaintiff experienced a single fainting episode, Defendant refused to return him to work despite written

clearance from his physician and the restoration of his driving privileges by the Pennsylvania Department of Transportation ("PennDOT").

3. Instead, Defendant imposed shifting and escalating demands for medical information that were not job-related or consistent with business necessity. When Plaintiff objected but continued trying to satisfy those demands, Defendant terminated his employment on December 26, 2024.

JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a)(4), because those claims arise under the ADA and Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's PHRA claims under 28 U.S.C. § 1367(a), because those claims arise from the same facts as the federal claims and form part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2), and under 42 U.S.C. § 2000e-5(f)(3), made applicable to ADA claims by 42 U.S.C. § 12117(a). Defendant maintains its principal place of business in Lebanon County, Plaintiff was based at Defendant's Shenandoah, Schuylkill County location, and the unlawful employment practices alleged herein were committed in this District.

III. PARTIES

7. Plaintiff Jason Dillow is an adult individual residing in Mount Carmel, Northumberland County, Pennsylvania.

8. Defendant DRT Transportation, LLC is a Pennsylvania limited liability company with a principal place of business at 850 Helen Drive, Lebanon, Pennsylvania 17042.

9. Defendant is a motor carrier engaged in the transportation of freight by commercial motor vehicle in an industry affecting commerce.

10. At all relevant times, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11. At all relevant times, Defendant was an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and 43 P.S. § 954(b).

12. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 12111(4), 42 U.S.C. § 2000e(f), and 43 P.S. § 954(c).

13. At all relevant times, Defendant acted through its agents, servants, and employees, including Fleet Manager Ryan Allwein (Mr. Allwein) and Safety Director Scott Heisey (Mr. Heisey), each of whom acted within the course and scope of his employment and agency.

ADMINISTRATIVE EXHAUSTION

14. On or about June 17, 2025, Plaintiff filed a timely, verified Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), requesting dual-filing with the Pennsylvania Human Relations Commission ("PHRC"), alleging disability discrimination and retaliation under the ADA and

PHRA and retaliation under Title VII and the PHRA. The Charge was docketed as EEOC Charge No. 530-2025-07142.

15. On July 21, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

16. Plaintiff has filed this action within ninety (90) days of his receipt of the Notice of Right to Sue.

17. More than one year has elapsed since Plaintiff's Charge was filed with the PHRC. Plaintiff is therefore entitled to bring his PHRA claims in this Court under 43 P.S. § 962(c).

18. Plaintiff has satisfied all conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment

19. Defendant hired Plaintiff as a commercial truck driver on or about August 18, 2022.

20. Plaintiff worked out of Defendant's Shenandoah, Pennsylvania location until Defendant terminated his employment on December 26, 2024.

21. Throughout his employment, Plaintiff held a valid commercial driver's license and was qualified to perform the essential functions of his position.

22. Defendant retained Plaintiff and continued to assign him driving work for more than two years.

Plaintiff Reports Sexual Harassment

23. Defendant provided trucking services under contract for a third party, Ateeco, Inc., at a facility in Shenandoah, Pennsylvania, where Plaintiff regularly performed his job duties.

24. On or about September 30, 2024, while Plaintiff was standing in a vestibule at the Ateeco facility, an Ateeco employee known to Plaintiff as "Billy" approached him, grabbed his chest, and made a sexually suggestive remark.

25. Plaintiff told Billy to stop and to leave. Billy grabbed Plaintiff's chest a second time before walking away.

26. Billy's conduct was unwelcome, physical, of a sexual nature, and directed at Plaintiff because of sex.

27. On or about October 8, 2024, Plaintiff submitted a written statement to Defendant's Fleet Manager, Mr. Allwein, reporting the incident and asking Defendant for help.

28. Mr. Allwein was a member of Defendant's management to whom Plaintiff regularly reported.

29. Defendant never informed Plaintiff of any investigation of, response to, or resolution of his complaint. Upon information and belief, Defendant never investigated the complaint and never forwarded it to its Human Resources department.

30. Within weeks of Plaintiff's complaint, Defendant began documenting purported performance concerns about Plaintiff, including a "Driver Coaching Opportunity" form dated October 24, 2024, and a complaint about Plaintiff's handling of trailer equipment that Defendant received from Ateeco's warehouse manager on or about October 31, 2024 and relayed to Human Resources on November 1, 2024.

The November 11, 2024 Medical Episode

31. On or about November 11, 2024, while Plaintiff was driving, he suddenly became light-headed, and his truck struck a guardrail.

32. Emergency personnel transported Plaintiff to the hospital where he was evaluated for a suspected seizure disorder.

33. Plaintiff left the hospital on or about November 12, 2024.

34. While at the hospital, Plaintiff spoke by telephone with Defendant's Safety Director, Mr. Heisey, and asked whether he would still have a job. Mr. Heisey responded that Plaintiff's employment would be decided based on the entire situation and his history.

35. As a precaution, the hospital notified PennDOT, which temporarily suspended Plaintiff's driving privileges on or about November 12, 2024, based on the suspicion of a seizure disorder.

36. Plaintiff does not have a seizure disorder.

Plaintiff Is Medically Cleared to Return to Work

37. On or about November 19, 2024, Plaintiff obtained a letter from his Geisinger physician, Tyler Boozel, D.O., stating that Plaintiff could return to work without restriction. Plaintiff promptly provided the letter to Mr. Heisey.

38. On or about November 26, 2024, PennDOT notified Plaintiff that his record had been cleared and that his driving privileges were restored. Plaintiff informed Defendant that PennDOT had cleared him to drive.

39. On or about December 5, 2024, Plaintiff informed Mr. Heisey that a cardiologist had cleared him.

40. On or about December 16, 2024, Plaintiff attended a neurology appointment. On December 17, 2024, Plaintiff informed Mr. Heisey that he was ready to undergo a DOT physical examination.

41. At all relevant times, Plaintiff was ready, willing, and able to submit to any physical examination required by the Federal Motor Carrier Safety Regulations.

Defendant's Excessive Medical Demands

42. Defendant refused to return Plaintiff to work after receiving his physician's clearance and learning that PennDOT had restored his driving privileges.

43. Instead, Defendant demanded medical information beyond what Plaintiff's job or any applicable regulation required. Among other things, Defendant demanded that Plaintiff return to the hospital where he was treated after the accident, see the same physicians who treated him there, and obtain a note stating

that he was 100% safe to drive. Defendant also demanded the underlying medical records of Plaintiff's evaluations.

44. Upon information and belief, Defendant also contacted the DOT medical examiner's office directly in an effort to influence the examiner's review of Plaintiff's medical history.

45. Plaintiff could not locate the emergency room physicians who treated him, and the hospital's neurology department could not see him until April 2025. Plaintiff therefore sought follow-up care through Geisinger and provided Defendant with medical documentation from Geisinger.

46. Plaintiff objected to Defendant's demands. He told Defendant that his physician and PennDOT had cleared him to drive and that Defendant's additional demands were unnecessary.

47. Despite his objections, Plaintiff attempted in good faith to satisfy Defendant's demands, but could not do so within the time frame Defendant set.

48. Defendant regarded Plaintiff as having a physical impairment, including a seizure disorder or other neurological or cardiac condition causing loss of consciousness, notwithstanding his medical clearance.

49. The impairment Defendant perceived was not transitory and minor.

50. Defendant's medical demands were not job-related and consistent with business necessity.

Defendant Terminates Plaintiff's Employment

51. On December 18, 2024, Mr. Heisey told Plaintiff that he needed to obtain a DOT physical examination.

52. Eight days later, on December 26, 2024, before Plaintiff could complete that process, Defendant terminated Plaintiff's employment in a telephone call.

53. Defendant terminated Plaintiff approximately eleven weeks after his sexual harassment complaint, approximately six weeks after his medical episode, and within weeks of his objections to Defendant's medical demands.

54. Defendant has since claimed that it terminated Plaintiff because of his accident history and his supposed failure to work with management on his return to work. Those reasons are pretextual.

55. Defendant retained Plaintiff through every vehicle incident that predated November 2024. Defendant's reliance on those incidents arose only after Plaintiff reported sexual harassment, experienced a medical episode, and opposed Defendant's medical demands.

56. Upon information and belief, in or about December 2024, Defendant re-submitted to PennDOT a report concerning a prior accident as if it were a separate accident, in order to retaliate against Plaintiff, to justify its refusal to return him to work, and to impair his ability to obtain future employment.

57. Plaintiff's disability, as perceived by Defendant, his protected opposition to Defendant's medical demands, and his sexual harassment complaint were each a

determinative or motivating factor in Defendant's decisions to refuse to return him to work and to terminate his employment.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, lost earning capacity, emotional distress, humiliation, inconvenience, and damage to his professional reputation.

59. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

## COUNT I
## DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

60. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

61. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102(1)(C).

62. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8). He was able to perform the essential functions of a commercial truck driver, with or without reasonable accommodation, and was medically cleared to do so.

63. Defendant discriminated against Plaintiff on the basis of disability, in violation of 42 U.S.C. § 12112(a), by refusing to return him to work and by terminating his employment.

64. Plaintiff's perceived disability was a but-for cause of Defendant's refusal to return him to work and of his termination.

65. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the damages described above.

## COUNT II
## UNLAWFUL MEDICAL EXAMINATIONS AND INQUIRIES IN VIOLATION OF THE ADA

66. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

67. The ADA prohibits an employer from requiring a medical examination of an employee, or making inquiries of an employee as to whether the employee is an individual with a disability or as to the nature or severity of a disability, unless the examination or inquiry is shown to be job-related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A).

68. Section 12112(d)(4)(A) protects all employees, regardless of whether they have a disability.

69. After Plaintiff provided his physician's clearance and PennDOT restored his driving privileges, Defendant required medical examinations and made medical inquiries of Plaintiff, including the demands described in paragraphs 42 through 47 above.

70. Those examinations and inquiries exceeded what the Federal Motor Carrier Safety Regulations or the requirements of Plaintiff's position called for, and were not job-related and consistent with business necessity.

71. Defendant conditioned Plaintiff's return to work on satisfying those demands and terminated his employment when he did not satisfy them within the time Defendant set. As a direct and proximate result, Plaintiff has suffered the damages described above.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

72. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

73. The ADA prohibits discrimination against any individual because that individual has opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(a).

74. Plaintiff engaged in protected activity by opposing Defendant's excessive and discriminatory demands for medical examinations and information, and by requesting that Defendant return him to work after he was cleared by his physician and PennDOT.

75. Defendant knew of Plaintiff's protected activity.

76. Defendant took materially adverse actions against Plaintiff, including refusing to return him to work, submitting a duplicate accident report to PennDOT, and terminating his employment.

77. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions, as shown by, among other things, the close timing

between them and the pretextual nature of Defendant's stated reasons. As a direct and proximate result, Plaintiff has suffered the damages described above.

COUNT IV
RETALIATION IN VIOLATION OF TITLE VII

78. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

79. Title VII prohibits an employer from discriminating against an employee because the employee has opposed any practice made an unlawful employment practice by Title VII. 42 U.S.C. § 2000e-3(a).

80. Plaintiff engaged in protected activity when he reported to Defendant's management that a worker at Defendant's customer facility had grabbed his chest in a sexual manner, and asked Defendant for help. Plaintiff held a reasonable, good-faith belief that the conduct he reported was sexual harassment, and that Defendant was obligated to take corrective action, including under 29 C.F.R. § 1604.11(e).

81. Defendant knew of Plaintiff's complaint through its Fleet Manager, Mr. Allwein.

82. Defendant took materially adverse actions against Plaintiff after his complaint, including subjecting him to heightened scrutiny, imposing excessive and discriminatory requirements for his return to work after the November 2024 accident, refusing to return him to work, and terminating his employment.

83. Plaintiff's protected activity was a but-for cause of Defendant's adverse actions, as shown by, among other things, the temporal proximity between them, the pattern of scrutiny that began after the complaint, Defendant's failure to address the complaint, and the pretextual nature of Defendant's stated reasons.

84. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages described above.

COUNT V
DISABILITY DISCRIMINATION IN VIOLATION OF THE PHRA

85. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

86. The PHRA prohibits an employer from discharging or otherwise discriminating against an employee because of a non-job-related handicap or disability. 43 P.S. § 955(a).

87. Plaintiff has a handicap or disability within the meaning of 43 P.S. § 954, because Defendant regarded him as having a physical impairment that substantially limits one or more major life activities.

88. Defendant discriminated against Plaintiff because of his perceived handicap or disability by refusing to return him to work and by terminating his employment.

89. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages described above.

COUNT VI
RETALIATION (DISABILITY) IN VIOLATION OF THE PHRA

90. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

91. The PHRA prohibits an employer from discriminating against any individual because that individual has opposed any practice forbidden by the PHRA. 43 P.S. § 955(d).

92. Defendant retaliated against Plaintiff because he opposed Defendant's excessive and discriminatory medical demands and requested to return to work after he was medically cleared, including by refusing to return him to work and by terminating his employment.

93. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages described above.

COUNT VII
RETALIATION (SEXUAL HARASSMENT COMPLAINT)
IN VIOLATION OF THE PHRA

94. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

95. Plaintiff's report of, and request for assistance with, the sexual harassment he experienced at work was protected opposition under 43 P.S. § 955(d).

96. Defendant retaliated against Plaintiff for that protected activity, including by imposing excessive and discriminatory requirements for his return to work, refusing to return him to work, and terminating his employment.

97. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages described above.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jason Dillow respectfully requests that this Court enter judgment in his favor and against Defendant DRT Transportation, LLC, and award the following relief:

(a) A declaration that Defendant's conduct violated the ADA, Title VII, and the PHRA;

(b) Back pay, including lost wages and benefits, with prejudgment interest;

(c) Reinstatement or, in the alternative, front pay;

(d) Compensatory damages for emotional distress, humiliation, inconvenience, and damage to reputation;

(e) Punitive damages under 42 U.S.C. § 1981a(b) on Plaintiff's ADA and Title VII claims;

(f) An amount sufficient to offset any adverse tax consequences of a lump-sum award;

(g) Reasonable attorney's fees, expert fees, and costs under 42 U.S.C. § 12205, 42 U.S.C. § 2000e-5(k), and 43 P.S. § 962(c.2);

(h) Pre-judgment and post-judgment interest; and

(i) Such other legal and equitable relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: 10/09/2026

Respectfully submitted,

George R. Barron, Esquire
PA Attorney ID No. 88747
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 824-3088
grb@georgebarronlaw.com
Attorney for Plaintiff